**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **REGINA DURAN** § | |
| § | |
| *Plaintiff*, § | |
| v. § | **EP-23-CV-00401-MAT** |
| § | |
| **LELAND DUDEK, ACTING** § | |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION[1],** § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Regina Duran ("Plaintiff") appeals from a decision of the Commissioner of the Social Security Administration ("Defendant") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. On April 11, 2024, upon consent of both parties, United States District Judge Kathleen Cardone assigned this case to the undersigned for a memorandum opinion and order pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the Court **ORDERS** that the Commissioner's decision be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**I. BACKGROUND & PROCEDURAL HISTORY**

Plaintiff is a sixty-five-year-old woman with a high school education and past relevant work as a billing clerk and medical secretary. Tr. of Admin. R. [hereinafter, "Tr."] at 21, ECF No. 5. On July 12, 2021, Plaintiff applied for disability insurance benefits. *Id.* at 20. She alleged disability beginning June 25, 2021, due to urinary incontinence related to a history of bladder

---

[1] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 17, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "Leland Dudek, Acting Commissioner of the Social Security Administration" should be substituted as the defendant in this suit.

cancer, high cholesterol, and obesity. *See id.* at 22–23. At the time of the application, Plaintiff was sixty-two years old. *See id.* at 21, 20.

On November 13, 2021, Plaintiff's disability claims were denied, and again upon reconsideration on April 21, 2022. *Id.* at 20. Administrative Law Judge ("ALJ") Charles Brower held a telephonic hearing on November 3, 2022, and later issued a decision denying Plaintiff's claims on January 9, 2023. *Id.* at 20–26. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on July 17, 2023. *Id.* at 7–9. The ALJ's decision became the final decision of the Commissioner at that time. Plaintiff now seeks judicial review of the decision.

On appeal, Plaintiff presents one issue for the Court. Plaintiff alleges that the ALJ erred because he found Plaintiff's urinary incontinence "severe" at step-two but failed to account for that "severe" impairment in formulating Plaintiff's residual functional capacity ("RFC"). Pl.'s Br. at 8–16. For the reasons set forth below, the Court finds that the ALJ committed no legal error and affirms the ALJ's decision.

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is limited to a determination of whether (1) the Commissioner's final decision is supported by substantial evidence on the record and (2) the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). In applying the "substantial evidence" standard, "the court scrutinizes the record to determine whether such evidence is present," *id.*, but it may not "try

2

the issues *de novo*" or "reweigh the evidence." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). "[N]or, in the event of evidentiary conflict or uncertainty," may the court substitute its judgment for the Commissioner's, "even if [it] believe[s] the evidence weighs against the Commissioner's decision." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016).

Generally, "[w]here . . . the Secretary has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial." *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989). However, even if the ALJ commits legal error, "remand is warranted only if the . . . error was harmful." *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (citing *Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009)); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected."). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Furthermore, it is plaintiff's burden to show prejudice or harm from the error. *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

**B.    Evaluation Process**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i). In evaluating a disability claim, the ALJ follows

3

a five-step sequential process to determine whether: (1) the claimant is presently engaged in substantial gainful employment; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or medically equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from performing other substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); *Salmond*, 892 F.3d at 817.

Between steps three and four, the ALJ determines the claimant's "residual functional capacity" ("RFC"). 20 C.F.R. § 404.1520(e). The RFC "is the most [the claimant] can still do despite [their] limitations." *Id.* § 404.1545(a)(1). The ALJ determines the RFC by examining "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). When using medical opinions as evidence, the ALJ must assess the persuasiveness of such evidence in her opinion. *Id.* § 404.1520c(a). Persuasiveness is based on several factors that the ALJ must consider, but the ALJ is only required to articulate "supportability" and "consistency" in her decision. *Id.* § 404.1520c(b)(2). The ALJ then uses the claimant's RFC in making determinations at steps four and five. *Id.* § 404.1520(e).

"[A]n individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Thus, the claimant carries the burden of proof through the first four steps. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* at 1302.

C.   **The ALJ's Findings**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of June 25, 2021.  Tr. at 22.  At step two, the ALJ found that Plaintiff had the following severe impairment: "urinary incontinence (urgency) with a history of bladder cancer and Bacillus-Calmette-Guerin ("BCG") treatment." [2]  *Id.*  The ALJ found the rest of Plaintiff's impairments non-severe.  *Id.* at 22–23.  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 23.  Next, the ALJ found that Plaintiff retained the RFC to perform work at "no more than the light exertional level."  *Id.*  The ALJ based the RFC off the medical opinions of two State Agency medical consultants ("SAMC"), Dr. Junejo and Dr. Wright.  *Id.* at 25.  At step four, the ALJ concluded that Plaintiff could do her past relevant work as a billing clerk and medical secretary.  *Id.* at 26.  Therefore, the ALJ determined that Plaintiff was not disabled under the Social Security Act from June 25, 2021 (her alleged disability onset date) through January 9, 2023 (the date of the ALJ's decision).  *Id.* at 26.

D.   **Analysis**

On appeal, Plaintiff presents one issue for the Court.  Plaintiff alleges that the ALJ erred because he found Plaintiff's urinary incontinence "severe" at step-two but failed to account for that "severe" impairment in formulating Plaintiff's RFC.  Pl.'s Br. at 8–16.  For the reasons set forth below, the Court finds that the ALJ committed no legal error and affirms the ALJ's decision.

---

[2] Bacillus Calmette-Guerin treatment is a form of immunotherapy for treating early-stage bladder cancer. *See* Cleveland Clinic, *Bacillus Calmette-Guerin (BCG) Treatment*, https://my.clevelandclinic.org/health/treatments/17908-bacillus-calmette-guerin-bcg-treatment (last visited Mar. 29, 2025).

1. **The ALJ properly accounted for Plaintiff's "severe" medical condition in the RFC.**

Plaintiff contends that the ALJ erred because the ALJ did not properly consider a step-two "severe" medical condition in the RFC. *Id.* at 12. Specifically, Plaintiff asserts that the ALJ erred when he found Plaintiff's urinary incontinence a "severe" impairment but did not provide for any urinary incontinence limitations in the RFC, nor explain the omission of such limitations. *Id.* at 10. Plaintiff divides this argument into two sections regarding whether a step-two "severe" finding requires a specific limitation in the RFC, and whether the ALJ adequately considered Plaintiff's "severe" impairment in the RFC. The Court addresses each section accordingly. For the reasons articulated below, the Court rejects Plaintiff's contention and finds that the ALJ committed no legal error.

   a) Relationship Between Step-Two "Severe" Finding and RFC

The Court first addresses Plaintiff's discussion of whether a step-two "severe" finding requires a specific limitation in the RFC. Plaintiff states that it does not (Tr. at 12) but nonetheless discusses the diverging Fifth Circuit district court findings on this issue. The Court briefly reviews these findings.

Several courts in the Western District of Texas have found no legal error when an ALJ finds an impairment "severe" at step-two but does not include that impairment as a limitation in the RFC. *See, e.g.*, *Vasquez v. O'Malley*, No. EP22CV00349FMMAT, 2024 WL 1481437, at *6–8 (W.D. Tex. Feb. 21, 2024), *report and recommendation adopted*, No. EP-22-CV-00349-FM, 2024 WL 1195558 (W.D. Tex. Mar. 19, 2024), *aff'd*, No. 24-50233, 2024 WL 4381269 (5th Cir. Oct. 3, 2024) (finding ALJ did not err when she found esophageal disorder "severe" but did not include any limitations related to this impairment in the RFC); *Kelley v. Kijakazi*, No. 1:22-CV-01104-RP-DH, 2023 WL 6406619, at *6 (W.D. Tex. Aug. 10, 2023), *report and recommendation*

*adopted*, No. 1:22-CV-1104-RP, 2023 WL 6446206, at *6 (W.D. Tex. Sept. 29, 2023) (noting that ALJ did not err when ALJ found Plaintiff's borderline intellectual functioning, specific learning disorder in reading, and speech sound disorder "severe" but did not include any limitations related to these impairments in the RFC).

Other district courts in the Fifth Circuit, including one court in the Western District of Texas, have found that a step-two "severity" finding necessitates the inclusion of that impairment in the RFC. *See, e.g.*, *Spears v. Barnhart*, 284 F. Supp. 2d 477, 483 (S.D. Tex. 2002) (noting that by failing to include any limitations, the ALJ "basically contradict[ed] the fact that he found [the claimant's] impairments to be severe"); *Norman v. Astrue*, No. SA-10-CA-849-XR, 2011 WL 2884894, at *6 (W.D. Tex. July 18, 2011) ("Similar to *Spears*, here the ALJ did not include any limitations resulting from the [impairment], contradicting his own finding that the [impairment] was 'severe.'").

In *Shipley v. Secretary of Health & Human Services*, 812 F.2d 934 (5th Cir. 1987), the Fifth Circuit weighed in, finding that "having a severe impairment is not a sufficient condition for receiving benefits under the Secretary's regulations" and "means only that [the] claimant has passed the second step of the inquiry mandated by the regulations." *Shipley v. Sec. of Health & Human Servs.*, 812 F.2d 934, 935 (5th Cir. 1987) (per curiam). More recently, the Fifth Circuit quoted *Shipley* and affirmed this Court's finding in *Vasquez v. O'Malley*, No. EP22CV00349FMMAT, 2024 WL 1481437 (W.D. Tex. Feb. 21, 2024) that a step-two "severe" finding does not require the inclusion of that impairment in the RFC. *See Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269, at *2 (5th Cir. Oct. 3, 2024) (per curiam) ("'[H]aving a severe

impairment is not a sufficient condition for receiving benefits under the [Commissioner's] regulations.' It merely advances the disability determination from Step Two to Step Three.").[3]

Here, Plaintiff does not contend that that the ALJ's step-two "severity" finding "mandate[d] a finding of a specific limitation in the RFC…." Pl.'s Br. at 12. Given that Plaintiff does not argue this point, the Court refrains from doing so. However, the Court provides this overview of diverging Fifth Circuit case law on this issue as background for Plaintiff's contention that the ALJ erred because he did not consider Plaintiff's "severe" impairment in formulating the RFC.

b) The ALJ Considered Plaintiff's "Severe" Impairment in the RFC

The Court next addresses Plaintiff's contention that the ALJ failed to consider Plaintiff's "severe" impairment when assessing the RFC. *Id.* at 12. Specifically, Plaintiff asserts that the ALJ erred when he found Plaintiff's urinary incontinence a "severe" impairment but did not provide for any urinary incontinence limitations in the RFC, nor explain the omission of such limitations. *Id.* at 10. Defendant responds that the ALJ adequately considered Plaintiff's urinary incontinence when assessing her RFC. Def.'s Br. at 6, ECF No. 8. As articulated below, the Court finds that the ALJ considered Plaintiff's "severe" impairment in the RFC because he adequately explained his reasoning for omitting the impairment in the RFC. Specifically, the ALJ noted inconsistencies between Plaintiff's alleged symptoms and the objective medical evidence, and discussed medical opinions that addressed the "severe" impairment's impact on Plaintiff's ability to work.

---

[3] The Court notes that "[u]npublished opinions issued on or after January 1, 1996, are not precedent," except for limited circumstances not applicable to the instant case. 5th Cir. R. 47.5.4. *Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269 (5th Cir. Oct. 3, 2024) is an unpublished case and thus not precedent. However, *Shipley v. Secretary of Health & Human Services*, 812 F.2d 934 (5th Cir. 1987) is published and thus precedent.

Courts in the Western District of Texas have found that an ALJ considered a step-two "severe" impairment when the ALJ analyzed the medical opinions and evidence on record and compared it to the Plaintiff's statements about their symptoms. In *Vasquez v. O'Malley*, this Court found that the ALJ properly considered a step-two "severe" impairment in the RFC because the ALJ examined Plaintiff's testimony of her symptoms and evidence of record, and determined that Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record…." *Vasquez*, 2024 WL 1481437, at *8. Other courts in the Western District of Texas have found that an ALJ considered a "severe" impairment in the RFC when the ALJ discussed medical opinions concerning the impairment. *See Kelley*, 2023 WL 6406619, at *6 (finding ALJ considered "severe" impairments and did not err in omitting them from RFC because ALJ "considered reports from [medical opinions] that addressed these conditions"); *Jacobs v. Berryhill*, No. 5-17-CV-429-XR-RBF, 2018 WL 3323764, at *5–6 (W.D. Tex. July 6, 2018), *report and recommendation adopted*, No. SA-17-CV-429-XR, 2018 WL 4688775 (W.D. Tex. July 24, 2018) (noting ALJ considered "severe" mental impairments because ALJ relied on medical opinion consistent with RFC).

In the instant case, the ALJ properly considered Plaintiff's "severe" impairment in the RFC because he discussed the inconsistencies between Plaintiff's alleged symptoms and the medical evidence on record. As in *Vasquez*, the ALJ acknowledged Plaintiff's statements about her symptoms but found that "her statements about the intensity and persistence of the symptoms and the extent to which the symptoms limit her capacity for work [were] not consistent with the objective medical evidence and other evidence…" Tr. at 23. Specifically, the ALJ noted Plaintiff's testimony during the hearing about her "urinary urgency," but noted medical evidence

ranging from February 2, 2021, through January 31, 2022—an almost two-year period—that found Plaintiff exhibited no gastrointestinal tenderness or masses. *Id.* at 431, 645, 304, 299.

Furthermore, the ALJ properly considered Plaintiff's "severe" impairment in the RFC because he discussed medical opinions concerning the impairment. As in *Kelley*, the ALJ considered Plaintiff's urinary incontinence in the RFC because he addressed the medical opinions that discussed the impairment's effect on Plaintiff's ability to work. SAMC Dr. Junejo examined Plaintiff's urinary incontinence and found that Plaintiff could work at a medium exertional level. *Id.* at 58. The ALJ found this opinion "not persuasive" because Plaintiff's need for BCG treatments for her bladder cancer "warrant[ed] further reduction in the claimant's residual functional capacity to the light exertional level." *Id.* at 25. In other words, the ALJ found that Plaintiff's treatment for her bladder cancer merited a *more restrictive* RFC than that recommended by Dr. Junejo. SAMC Dr. Wright examined Plaintiff's urinary incontinence and found that Plaintiff could work at a light exertional level. *Id.* at 66. The ALJ found that opinion "generally persuasive" because it was supported by objective findings about Plaintiff's history of bladder cancer and consistent with her reported ability to take care of herself and engage in daily activities of living. *Id.* at 25. Dr. Wright's medical opinion is ultimately reflected in the RFC that Plaintiff can work "at no more than the light exertional level." *Id.* at 23. Thus, the ALJ properly considered Plaintiff's "severe" urinary incontinence in the RFC because he discussed the medical opinions that addressed this condition and incorporated the medical opinion he found most persuasive in the RFC.

In sum, the Court finds that the ALJ considered Plaintiff's "severe" impairment in the RFC because he adequately explained his reasoning for omitting the impairment in the RFC. Specifically, he discussed the inconsistencies between Plaintiff's alleged "urinary urgency" and the medical evidence on record. Furthermore, he addressed the medical opinions that discussed

10

the "severe" impairment's impact on Plaintiff's ability to work and ultimately incorporated the medical opinion he found most persuasive in the RFC. The Court finds this explanation sufficient and holds that the ALJ committed no legal error.

### III.  CONCLUSION

For the following reasons, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**SIGNED** and **ENTERED** this <u>31st</u> day of March 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**